```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

ANDREA MARTINI and ROLAND
SCHIFF-MARTINI,

    Plaintiffs,

v.                                Case No: 2:24-cv-904-JES-KCD

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA,

    Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Dismiss (Doc. #21) filed on December 4, 2024. This is another insurance case concerning flood damage caused by Hurricane Ian. Defendant American Bankers Insurance Company of Florida (American Bankers or defendant) asserts that its insureds (Andrea Martini and Roland Schiff-Martini (collectively the Martinis or plaintiffs)) failed to file its suit within one year of a partial denial of their claim, and their lawsuit is now barred by the applicable limitations period. Plaintiff filed a Response (Doc. #26) on January 9, 2024, and defendant filed a Reply (Doc. #31) on February 11, 2025, with leave of Court. For the reasons set forth below, the motion is granted.

I.

In deciding whether a complaint states a claim upon which relief may be granted, a district court considers the factual allegations in the complaint and the exhibits attached to the complaint or incorporated into the complaint by reference. MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co., 40 F.4th 1295, 1303 (11th Cir. 2022) (citation omitted); Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000).  A Court may consider evidence outside the complaint if the evidence satisfies the incorporation-by-reference doctrine or is properly subject to judicial notice. Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Swinford v. Santos, 121 F.4th 179, 187-88 (11th Cir. 2024).

Under the former doctrine, extrinsic material referenced in a complaint and attached to a motion to dismiss may be considered if (1) it is central to the plaintiff's claim and (2) its authenticity is unchallenged. Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Jackson v. City of Atlanta, Georgia, 97 F.4th 1343, 1350 (11th Cir. 2024).  When the latter two prongs are met, extrinsic materials may be considered even if not mentioned in, nor attached to, a complaint.  Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005); Julmist v. Prime Ins. Co., 92 F.4th 1008, 1016 (11th Cir. 2024) (affirming a

district court's consideration of an insurance policy that an insurer attached to a motion to dismiss).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007). The Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Contrary to plaintiffs' argument (Doc. #26, p. 6), "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted).

## II.

American Bankers, a Write-Your-Own (WYO) Program Carrier participating in the National Flood Insurance Program (NFIP), issued a Standard Flood Insurance Policy (SFIP) to plaintiffs for the relevant 12-month period. The SFIP was issued pursuant to the National Flood Insurance Act of 1968 (NFIA), which is administered by the Federal Emergency Management Agency (FEMA). Under the NFIA, the Administrator of FEMA implements the flood insurance program, 42 U.S.C. § 4041, and is authorized "to adjust and make payment of any claims for proved and approved losses covered by flood

3

insurance." 42 U.S.C. § 4072. FEMA has agreed to be sued for its determinations, but with a time limitations period:

> upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, **the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim** in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072 (emphasis added). The limitations period to file suit is reiterated in the SFIP itself:

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. **If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim**, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

(Doc. #9-1 at 25) (emphasis added).

The following chronology is taken from facts alleged in the Amended Complaint and documents which may be considered with a motion to dismiss, viewed in the light most favorable to plaintiffs, the non-moving party: On September 28, 2022, Hurricane

Ian brought unprecedented flooding that caused damage to plaintiffs' home. The SFIP covering that dwelling was in full force on the date of loss, with premiums paid in full.

Plaintiffs timely reported their claim to American Bankers in accordance with the SFIP. The details about when this was reported or what was claimed are not set forth in the Complaint or in the documents the Court may consider.

American Bankers assigned an insurance adjuster to inspect the insured property and prepare an estimate of damage. Plaintiffs allege that the adjuster's estimate failed to comply with various applicable standards, but the Amended Complaint and documents the Court may consider provide only partial details as to the content of the adjuster's report or its deficiencies.

By Memorandum dated October 6, 2022, the Acting Assistant Administrator for FEMA described the claims process and responsibilities of NFIP insurers for Hurricane Ian claims. (Doc. #9-2 at 1.) This bulletin required NFIP insurers to accept their adjuster's report to evaluate and pay a claim instead of requiring a signed proof of loss from insureds; allowed payments without the policyholder's signature on the adjuster's report under certain circumstances; and allowed insurers to make more than one payment on a claim. Additionally, "[a] policyholder may still submit a signed proof of loss when they disagree with the adjuster's report." (Id. at 3.) The bulletin extended the deadline for

5

filing the proof of loss: "To allow enough time for policyholders to evaluate their losses and the adjusters' reports, I am extending the 60-day proof of loss deadline. The deadline for **submitting a compliant proof of loss** for Hurricane Ian **is 365 calendar days (one year) from the date of loss**." (Id. at 3) (emphasis added).

In a November 16, 2022, letter (Doc. #21-1), American Bankers notified plaintiffs of its determination that plaintiffs were owed $13,412.41 for Building damages and nothing for the contents. (Doc. #21-1.) The letter relied upon its adjuster's November 17, 2022, report to arrive at the coverage determinations and amounts. The letter stated:

> We denied a portion of your claim based upon the applicable provisions of the Standard Flood Insurance Policy (SFIP), as set forth below. If you do not have one, you may obtain a copy of the Standard Flood Insurance Policy online at: www.fema.gov/national-flood-insurance-program/standard-flood-insurance-policy-forms."

(Id. at 1.) The letter stated that based on the Independent Adjuster's report, the home is a "post-FIRM elevated home in a special flood hazard area and as such, there is restricted coverage for building and contents items located below the first elevated floor." (Id. at 1.) American Bankers denied coverage for "flooring and finishes, furniture and items stored in lower enclosure." (Id.) The letter also stated that "[b]y accepting

6

this payment, you agree the information in the report is true and correct to the best of your knowledge and belief." (Id.) Further,

> Accepting this payment does not waive any of your rights to seek further payments under your flood insurance policy. If you find additional flood damage that was not included in the adjuster's estimate or if the cost to repair the flood damage exceeds the adjuster's estimate, you may request an additional payment in accordance with the terms and conditions of the Standard Flood Insurance Policy (SFIP).

(Id.) The letter concluded, "[y]ou do not need to take any further action. However, if you wish to take further action concerning this denial, the Policyholder Rights document attached to this letter explains your options, several of which require prompt action. (Id. at 2.) Attached to the letter is a document entitled Policyholder Rights which details how to file an appeal directly with FEMA or directs the policyholder to file a lawsuit against the insurer "where the damage occurred **within one year of when your insurer first denied all or part of your claim**." (Id. at 3)(emphasis added).

On July 25, 2023, plaintiffs' adjuster sent a Supplemental Request and Demand of Appraisal seeking $166,483.86. (Doc. #26-4.) On August 8, 2023, plaintiffs submitted a Sworn Statement in Proof of Loss (Doc. #26-5) seeking $177,396.27 in personal losses. By letter dated August 9, 2023, American Bankers notified plaintiffs that it had received the Proof of Loss dated August 8,

7

2023, and that it was being rejected in full. "We maintain our denial from 11/16/2022 where we denied damages to the property…." (Doc. #26-7 at 1.)

On September 26, 2023, plaintiffs submitted a sworn standard Proof of Loss form requesting supplemental damages in excess of the building policy limit of $250,000, supported by a detailed report from a public adjusting company. (Doc. #9-3, pp. 4-28.) The report is dated May 17, 2023 (id. at 27) and indicates that the property was inspected on March 11, 2023 (id. at 4). American Bankers did not respond to this request.

On September 25, 2024, plaintiffs filed their Complaint (Doc. #1) and on October 11, 2024, filed an Amended Complaint (Doc. #9) alleging one count for breach of the insurance policy. Plaintiffs allege that their damage was "in an amount and scope greater than what was found by Defendant's adjuster" and that "[n]umerous covered items were omitted and/or underpaid by Defendants." (Doc. #9, ¶¶ 20-21.)

### III.

American Bankers argues that plaintiffs must file their lawsuit to recover money under the SFIP within one year after the date of the written denial of all or part of the insured's claim, and that the lawsuit in this case was not filed within that time period. (Doc. #21 at 5.) "Based on the date of the Partial Denial Letter [November 16, 2022], and the SFIP's Suit Limitation

8

Provision, Plaintiffs had until November 16, 2023, to file suit. Plaintiffs did not file suit until October 11, 2024, which is over 22 months after American Bankers first partially denied coverage, and more than 10 months after the Suit Limitation Provision's deadline to commence suit." (Doc. #21 at 10.)

Plaintiffs respond that the "lawsuit is not time-barred because it was filed on September 29, 2024, which is within one year of August 9, 2023. The Defendant's denial letter of August 9, 2023, started the 1-year statue of limitations period for the Plaintiffs to sue the Defendant within." (Doc. #26 at 7.) Plaintiffs further argue that they "submitted another sworn proof of loss, this time utilizing FEMA's standard Proof of Loss on September 26, 2023, two days before the expiration of FEMA's extension." (Id. at 4.) In reply, American Bankers notes "[t]he somewhat obvious problem is that August 9, 2023 is not within one year of September 29, 2024; the two dates are more than thirteen months apart.1 Thus, even if American Bankers' August 9, 2023 denial letter (and not its November 16, 2022 letter) started the clock for Plaintiffs to file suit, Plaintiffs' lawsuit is still untimely, and must be dismissed." (Doc. #31 at 2-3.)

The relevant facts as set forth in the Complaint and relevant documents are straightforward and undisputed: Hurricane Ian caused damage to the insured property on September 28, 2022; plaintiffs made a timely claim with American Bankers, which

9

assigned an adjuster; on October 6, 2022, FEMA issued a Memorandum setting forth special procedures concerning Hurricane Ian claims; on July 25, 2023, plaintiffs submitted a supplemental request for damages; on August 8, 2023, plaintiffs followed up the supplemental request with the signed and notarized proof of loss; on August 9, 2023, defendant issued a full denial of the supplemental request and reiterated the denial from November 16, 2022; on September 26, 2023, plaintiffs submitted another proof of loss; and on September 25, 2024, plaintiffs filed this lawsuit against American Bankers.

The date on which the limitations period begins to run is clear. The one-year limitations to file suit in district court is triggered by a full or partial denial of a claim. In this case, the limitations period was triggered by the November 16, 2022, partial denial of plaintiffs' claim.

Being allowed to submit a supplemental request (or a proof of loss) does not change the statute nor the NIFP, which on their face did not purport to extend, waive, or toll the limitations period.

> Section 4072 does not mention a proof of loss, much less require the disallowance of one. Instead, it refers to the "disallowance ... of any such *claim*." 42 U.S.C. § 4072 (emphasis added). Therefore, a claim and a proof of loss are distinct. As FEMA explains in its NFIP Claims Manual, "the proof of loss is not the claim. The claim is the policyholder's assertion that they are entitled to payment for a[n] Insured loss under the terms of the SFIP. A policyholder has only one claim from

10

> a flood event regardless of the number of proofs of loss and amount of documentation the policyholder may submit in support of that claim." FEMA, National Flood Insurance Program Claims Manual at 68 (Oct. 2021). See also 44 C.F.R. § 62.23(i)(1) (requiring WYO carriers to be "guided by NFIP Claims manuals" in adjusting claims); Nguyen v. Hartford Underwriters Ins. Co., 514 F. Supp. 3d 831, 838 (M.D. La. 2021) ("Courts read the SFIP *in pari materia* with the Claims Manual to resolve coverage disputes.").

McInnis v. Liberty Mut. Fire Ins. Co., No. 22-30022, 2022 WL 4594609, at *2 (5th Cir. Sept. 30, 2022). See also Lionheart Holding GRP v. Phila Contribution Ship Ins. Co., 368 F. App'x 282, 285 (3d Cir. 2010) (rejecting claimant's argument that a subsequent letter altered, varied, or waived the limitations period); Wagner v. Dir., Fed. Emergency Mgmt. Agency, 847 F.2d 515, 521 (9th Cir. 1988) ("Once FEMA has triggered the statute of limitations by issuing a denial, reconsideration of that denial or responding to further inquiries about the case has no effect on the running of the limitations period."); Hawk v. Hartford Ins. Co. of the Midwest, No. 2:24-CV-823-JES-NPM, 2025 WL 326668, *7 (M.D. Fla. Jan. 29, 2025).

Plaintiffs also argue that a lawsuit could not have been filed earlier because there was no dispute between the parties until plaintiffs submitted the sworn proof of loss on September 26, 2023, and defendant denied the request through "inaction." (Doc. #26 at 14.) The Amended Complaint says otherwise. The Amended Complaint

11

states that their damage was "in an amount and scope greater than what was found by Defendant's adjuster" and that "[n]umerous covered items were omitted and/or underpaid by Defendants." (Doc. #9, ¶¶ 20-21.) Additionally, a Proof of Loss for supplemental damages is only allowed when a policyholder "disagree[s] with the adjuster's report." (Doc. #9-2 at 3.)

The suit must have been filed on or before November 16, 2023, and was not. As a result, this suit is barred by the statute of limitations set forth in both the statute and the SFIP. The action will be dismissed.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. #21) is **GRANTED** and the Amended Complaint is **DISMISSED without prejudice as time-barred.**

2. The Clerk shall enter judgment accordingly, terminate all pending deadlines, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of April 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record